SYLVIA GORDON, Plaintiff-Appellee, *v.* HOWARD JOSEPH, Defendant-Appellant.

First District (5th Division) No. 76-1201

Opinion filed July 22, 1977.—Modified on denial of rehearing August 26, 1977.

Howard Joseph, of Chicago, for appellant.

William E. McNulty, of Daley, Reilly & Daley, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant brought this action to vacate a confession of judgment entered on a note executed by him pursuant to a decree of divorce. Following a bench trial, the court denied his motion and reaffirmed judgment on the note. On appeal he contends that the court's finding was against the manifest weight of the evidence.

Plaintiff and defendant were divorced on May 18, 1959. Pursuant to the divorce decree, defendant delivered to plaintiff a $25,000 note, payable in minimum yearly installments of $1,500 with a final payment of $11,500 due on or before June 1, 1969. The decree also provided that: (1) plaintiff have custody of the three children subject to defendant's visitation rights; (2) defendant pay plaintiff the larger of $100 per week or 40% of his income in child support; (3) defendant pay the children's camp and extraordinary medical expenses, and one-half of their clothing and college costs; (4) defendant maintain a membership in the Covenant Club, major medical insurance, and $175,000 in life insurance; (5) plaintiff have the right to examine defendant's financial records, and; (6) plaintiff (should she remarry) have the right to change the children's names to which defendant could "not unreasonably withhold his consent."

Confession of judgment was entered on November 13, 1967. However, plaintiff did not file a citation to discover assets until May 29, 1973. Thereafter, defendant moved to vacate the judgment.

At trial defendant testified that on the evening of October 23, 1959, he visited plaintiff at her apartment. He told her that the burdens of the divorce decree were impossible for him to meet. Whereupon she offered to release him from every obligation of the decree except payment of $100 per week in child support, if he would waive all rights in the two younger children, Michael and Susan. After agreeing to the proposal, he specifically enumerated the rights she was relinquishing including payment on the note in question.

From October 1959, until he received the citation to discover assets, plaintiff made no demand for payment of the note. In fact, when he requested in September 1972 that she return the note, she claimed she had lost it. Nor did she demand that he comply with the other provisions in the decree, which she had waived, including those dealing with camp and clothing expenses. Moreover, none of her post-decree motions sought anything other than arrearages for child support of $100 per week. When she remarried in the fall of 1960, she changed the last name of the two younger children to Gordon. She did this without his consent.

Pursuant to their agreement he refrained from seeing Michael and Susan. In addition, he cancelled the insurance and the membership in the Covenant Club. After October 23, 1959, he paid plaintiff no more than $100 per week in child support.

In 1967, he and plaintiff orally agreed to reduce child support to $300 per month. He introduced into evidence a letter which plaintiff sent him on May 12, 1971. In it she mentions the $300 figure, noting that she "need[s] the money for Craig's [the oldest child] tuition."

On cross-examination defendant stated he has been an attorney since 1951. He acknowledged that at plaintiff's request he signed a consent to remove the children to Florida in December 1960. However, he insisted that at the time he questioned the need for it in light of their previous agreement.

He also admitted that on April 6, 1960, he filed a petition to modify the divorce decree. The petition recited the terms of the decree and requested relief from its provisions due to financial hardship. It specifically acknowledged the existence of the note and asked the court to relieve defendant "from the current payment of $1,500 * * * and all subsequent payments." However, it did not mention any prior oral modification. Further, it asserted that plaintiff had refused to allow defendant to visit "with his minor children in violation of the decree."

Plaintiff testified that she never agreed to relinquish any of her rights under the decree, including payment on the note. In fact, she frequently requested that defendant comply with the requirements of the decree.

In May 1960, September 1963, January 1964 and September 1964, she petitioned the court to enforce various provisions of the decree including

those dealing with child support, insurance, and camp, clothing, and medical expenses.

Pursuant to these petitions the court entered several orders. On May 26, 1960, the court found arrearages of $2,156.53 in child support and clothing expenses. On October 1, 1963, the court found arrearages of $5,446.53 in child support, $300 in camp costs and $1,045.54 in clothing expenses. It further found that plaintiff should pay "at least" $100 per week child support and "that in all other respects the decree of divorce shall remain in effect." Two other orders entered February 13, 1964 and July 15, 1965, found arrearages of child support only. Plaintiff introduced into evidence certified copies of these petitions and orders. Defendant either signed the orders or stipulated to their entry.

On cross-examination she admitted that she never received more than $400 per month in child support. Most months she received less than that. Although she never agreed to reduce the monthly payments, she accepted less because "it was better to get less than nothing." She also requested defendant's tax returns, however, he refused to give them to her, telling her he was "penniless."

She never asked defendant to pay on the note because he was already in arrears for child support. Similarly, she knew that defendant had cancelled the insurance policies, however, she could not afford to bring him to court.

While admitting that defendant had visitation rights, she stated she did not want him visiting Michael and Susan.

In rebuttal defendant testified that from October 1959 to the present he never gave plaintiff money for anything but child support. Nor did plaintiff request money for anything other than child support.

Following arguments of counsel, the court found that defendant had failed to establish that the parties had agreed on October 23, 1959, to modify the terms of the divorce decree. Accordingly, the court denied defendant's motion to vacate and reaffirmed the confession of judgment in the note.

OPINION

Defendant contends that the decision of the trial court is against the manifest weight of the evidence. While conceding that the testimony regarding the alleged agreement is conflicting, he argues that the conduct of the parties since October 23, 1959, clearly indicates that they had modified the terms of the decree.

We disagree. Although the conduct of the parties has not been in total accord with the divorce decree, this does not establish that a modification occurred. Moreover, much of the evidence here directly contradicts defendant's position.

Defendant made no mention of the alleged modification in his petition of April 6, 1960. In addition, he complained in the petition that plaintiff denied him visitation rights which he now claims he waived some six months before.

In December 1960 plaintiff asked for and received from defendant a consent to remove the children from Illinois. Thereafter, she petitioned the court no less than four times to enforce provisions of the decree, which defendant now claims she had waived. Pursuant to these petitions the court entered orders, which defendant either signed or stipulated to, finding arrearages for child support, and camp and clothing expenses. It seems curious indeed that defendant, himself an attorney, would execute a meaningless consent or agree to a finding of arrearages predicated on obligations he contends had been waived.

Defendant nonetheless maintains that this inferentially establishes that provisions of the decree not referred to in the orders were modified. Aside from the inherent weakness in this type of reverse inference, we note that the order of October 1, 1963, provided that defendant pay "*at least*" $100 per week in child support and "that in all other respects the decree of divorce shall remain in effect."

Nor does plaintiff's failure to enforce the remainder of the decree indicate that it had been modified. As plaintiff's testimony suggests defendant's repeated neglect in meeting his child support obligations led her to believe that further demands would be useless. Moreover, plaintiff was under no obligation to demand payment on the note. Ill. Rev. Stat. 1975, ch. 26, par. 10—101; Ill. Rev. Stat. 1959, ch. 98, par. 91.

Similarly, plaintiff's letter of May 12, 1971, adds nothing to defendant's argument. Simply because she accepted less than she was entitled to or applied the proceeds toward the needs of one child does not necessarily suggest that she has waived her rights under the decree. This is expecially true in light of her repeated attempts to enforce the remainder of the decree.

Finally, we note that the crucial issue here is credibility. However, the trial court was in the best position to observe the witnesses and we will not disturb its decision unless manifestly against the weight of the evidence. (*Arakie v. Hatoff* (1972), 5 Ill. App. 3d 1073, 284 N.E.2d 703.) In light of the foregoing, we cannot say that it is.

Defendant also contends that the orders of February 13, 1964 and July 15, 1965, both of which refer only to arrearages in child support, suggest that the court accepted a modification of the divorce decree. Accordingly, he concludes that these orders are *res judicata* as to the instant action. Defendant's reasoning totally ignores the fact that these orders were entered pursuant to plaintiff's petition for rules to show cause why he should not be held in contempt for violating certain provisions of

the divorce decree. The petitions do not indicate that the issue of modification was before the court and we cannot infer this from the orders entered. Consequently, the doctrine of *res judicata* does not apply. See, *Dept. of Transportation v. Shaw* (1976), 36 Ill. App. 3d 972, 345 N.E.2d 153.

Defendant raises other points in his brief regarding the adequacy of the consideration and the validity of the agreement. However, because he failed to prove the existence of an agreement, we need not address these issues.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.